Filed 5/8/25  Smith v. Kalatzis CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| NAILAH SMITH,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CHRISTOS KALATZIS et al.,<br><br>    Defendants and Respondents. | B334125<br><br>(Los Angeles County Super. Ct. No. BC712013) |

APPEAL from judgments of the Superior Court of Los Angeles County, H. Jay Ford, III, Judge.  Affirmed.

Gary Rand & Suzanne E. Rand-Lewis and Suzanne E. Rand-Lewis for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza and David Z. Sohn for Defendants and Respondents.

_____

Plaintiff Nailah Smith appeals from a judgment following orders granting summary judgment in favor of defendants Christos Kalatzis, M.D., Ronald Lang, M.D., Olympia Health Care, LLC, doing business as Olympia Medical Center (Olympia), and Alecto Heathcare Services, doing business as Olympia Medical Center (Alecto) in this medical malpractice action.[1] Smith contends: (1) the moving parties' evidence was not sufficient to shift the burden on summary judgment, and (2) triable issues of fact exist under the doctrine of res ipsa loquitur because it is common knowledge that a person with one kidney may be susceptible to increased risk of renal dysfunction requiring the care of a kidney specialist. We conclude the trial court properly granted the unopposed motions for summary judgment, and therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 25, 2018, Smith filed an action against several medical treatment providers, including Kalatzis, Lang, Olympia, and Alecto, for medical malpractice, intentional infliction of emotional distress, battery, concealment, and breach of fiduciary duty. Smith alleged that Bruce McLucas, M.D., recommended undergoing an embolization procedure to treat her uterine fibroids. McLucas performed the surgery, with assistance from anesthesiologist Kalatzis. The defendants and their staff administered and prescribed medications that were contraindicated for a person with one kidney and were a substantial factor causing Smith to suffer renal injury. Smith

---

[1] Neither Olympia, nor Alecto, have filed a brief on appeal and neither is a respondent in this matter.

was later re-admitted to the facility and treated by several doctors, including Lang, who continued to prescribe and administer medication contraindicated for her kidney condition. She alleged that their treatment fell below the standard of care.

On July 9, 2021, Kalatzis filed a motion for summary judgment on the grounds that he had complied with the standard of care in the community at all times and no alleged negligent act or omission of his was a substantial factor in Smith's injuries. Among other evidence, he submitted a declaration from expert witness Gary J. Nitti, M.D., providing details from Smith's medical records, as well as Nitti's opinion that Kalatzis complied with the standard of care. Kalatzis's separate statement of facts also set forth details about Smith's treatment and Nitti's expert opinion.

On August 19, 2021, Olympia and Alecto filed a motion for summary judgment on the grounds that the treatment rendered by Olympia complied with the standard of care and did not cause Smith's injuries. In addition, they asserted that Alecto did not operate the facility at the time of Smith's admission. Among other evidence, Olympia and Alecto submitted Smith's medical records, as well as the declaration of general surgery specialist Leo J. Murphy, M.D., providing his findings and opinion that Olympia and its employees acted entirely within the prevailing standard of care. They also provided the declaration of nephrology expert Madeleine Pahl, M.D. Their statement of undisputed facts set forth the details of Smith's treatment, referring to the supporting evidence, and stated no act by Olympia caused Smith's kidney injury.

On October 21, 2021, Smith's attorney Suzanne Rand-Lewis filed a declaration "representing plaintiff['s] preliminary

opposition" to Olympia and Alecto's motion for summary judgment. Smith's attorney declared that she was unable to complete Smith's opposition to the motion for summary judgment due to her own medical emergency. She asked the trial court to permit Smith to file her opposition by October 28, 2021, and to continue the hearing on the motions.

Olympia and Alecto objected to Smith's request for a continuance. They noted that Smith's deposition had been continued previously due to her attorney's incapacity resulting from a medical emergency. In addition, two prior motions for summary judgment brought by other defendants in the case had been granted due to Smith's failure to file any opposition to the motions or appear for either hearing.

On October 26, 2021, Smith's attorney filed a second declaration "representing plaintiff['s] preliminary opposition" to Kalatzis's motion for summary judgment. Based on an adverse reaction she had during a follow up procedure, the attorney had been unable to complete Smith's opposition to Kalatzis's motion. She requested a one-week continuance of both the due date for filing Smith's opposition and the hearing on the motion. Kalatzis objected to the continuance.

On November 4, 2021, Kalatzis filed a notice of non-opposition stating that no opposition had been filed to his motion for summary judgment. The same day, a hearing was held on the motion for summary judgment filed by Olympia and Alecto. Attorney Timothy Rand-Lewis appeared for Smith and asked for a continuance of the hearing on the ground that Smith's attorney,

4

Suzanne Rand-Lewis, was unavailable due to medical issues.[2] The trial court asked counsel to submit supplemental briefing regarding the request for a continuance and encouraged Smith to associate in counsel to assist with the case.

Kalatzis, Olympia, and Alecto submitted supplemental briefing. A hearing was held on the motions for summary judgment on November 9, 2021. Timothy appeared for Smith. The trial court found that the moving parties had carried their initial burdens to make a prima facie showing that one or more elements of the causes of action could not be established, the burden had shifted to Smith, and Smith failed to meet her burden. Timothy argued that the declaration of Kalatzis's expert Nitti was conclusory, did not state to a reasonable medical probability that Kalatzis met the standard of care, and never stated what the standard of care was. Kalatzis's attorney responded that Nitti expressly stated that he was familiar with the standard of care for anesthetic management of patients and Kalatzis properly cared for and monitored Smith during the procedure, as well as discussing Kalatzis's limited role in the procedure. The trial court instructed the moving parties to each prepare an order granting the respective motion for summary judgment. The court noted it had expected to receive proper opposition pleadings from Smith based on the statements in the preliminary oppositions, but no additional opposition had been received.

On November 29, 2021, Lang filed a motion for summary judgment on the ground that he complied with the standard of

---

[2] Because the attorneys appearing for Smith share the same last name, they will be referred to individually by their first names for clarity.

care in the community at all times and no alleged negligent act or omission of his was a substantial factor in Smith's injuries. Lang's motion was supported by the declaration of Eric Wechsler, M.D., who opined that the care and treatment of Smith provided by Lang complied with the applicable standard of care, that no act or omission by Lang fell below the standard of care, and that the care and treatment provided by Lang to Smith did not cause or contribute to her injuries. Lang's separate statement of undisputed facts also provided details about Smith's treatment and referred to the opinions in the expert declaration.

On December 2, 2021, the trial court entered an order granting Kalatzis's motion for summary judgment. On December 20, 2021, the court entered an order granting the motion for summary judgment brought by Olympia Health Care, LLC, doing business as Olympia Medical Center, and Alecto Health Care Services Los Angeles, LLC, erroneously sued as Alecto Health Care Services Los Angeles, LLC, doing business as Olympia Medical Center.

On March 11, 2022, Lang filed a notice of non-opposition to his motion for summary judgment. A hearing was held on Lang's motion for summary judgment on March 17, 2022. The court issued a tentative ruling to grant the motion. The tentative ruling noted that Lang submitted evidence in the form of an expert opinion sufficient to negate the essential elements of breach of the standard of care and causation. The court ruled that Lang satisfied his burden and shifted the burden to Smith to raise a disputed issue of material fact as to breach and causation. However, because Smith did not file an opposition to the motion, Smith failed to show a triable issue of fact existed. After the hearing, the court adopted its tentative ruling, granting Lang's

6

motion for summary judgment by minute order that same day. On April 4, 2022, the court entered an order granting summary judgment for Lang.

On September 13, 2023, the trial court entered separate judgments in favor of Kalatzis, Lang, and Olympia and Alecto. Smith filed a timely notice of appeal from all three judgments.

## DISCUSSION

### A.   Standard of Review

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c).)"  (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.) We generally review a trial court's granting of summary judgment de novo, "considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports.  [Citation.]"  (*Ibid.*)

### B.   Expert Witness Declarations

Smith contends the expert declarations submitted by Kalatzis and Lang in support of their motions were not sufficient to shift the burden of proof on summary judgment because the experts did not state that the conduct met the applicable standard of care "to a reasonable medical probability."  This analysis is incorrect.

7

To prove a medical malpractice action where the negligence is not obvious to a layperson, the plaintiff must present expert testimony that the defendant breached a duty to the plaintiff and that breach caused the plaintiff's injury. (*Kelley v. Trunk* (1998) 66 Cal.App.4th 519, 523 (*Kelley*).) " ' "California courts have incorporated the expert evidence requirement into their standard for summary judgment in medical malpractice cases. When a defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of care, he is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence." ' [Citation.]" (*Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 123 (*Powell*).)

An expert declaration is sufficient if it includes the matter relied on to form the expert's opinion, explains the bases for the opinion, and the matter is a type that an expert may reasonably rely upon to form an opinion on the subject. (*Kelley, supra*, 66 Cal.App.4th at pp. 523–524.) An expert's opinion may not be speculative, based on assumptions without evidentiary support, or stated without sufficient certainty. (*Powell, supra*, 151 Cal.App.4th at p. 123.) The expert's opinion must be rendered with a reasoned explanation of why the underlying facts lead to the ultimate conclusion. (*Ibid*.) A doctor defendant is not entitled to summary judgment based simply on an unopposed expert declaration that states a conclusory opinion that no malpractice occurred, without explaining the basis for the opinion. (*Powell, supra*, 151 Cal.App.4th at p. 123.)

The case that Smith relies upon, *Jones v. Ortho Pharmaceutical Corp.* (1985) 163 Cal.App.3d 396, 402–403, concerns the element of causation in a personal injury action; it

8

states that "*causation* must be proven within a reasonable medical probability based upon competent expert testimony. Mere possibility alone is insufficient to establish a prima facie case." "A possible *cause* only becomes 'probable' when, in the absence of other reasonable causal explanations, it becomes more likely than not that the injury was a result of its action." (*Id.* at p. 403, emphasis added.)

The elements at issue in this case, however, are duty and breach, not causation. The expert declarations provided the relevant facts and bases for the experts' opinions that the doctors' conduct met the applicable standard of care. The experts did not state that the defendants "may have met" the standard of care or "possibly met" the standard of care; they stated with certainty that the defendants' conduct met the standard of care. There is no requirement that an expert must opine that conduct met the standard of care *to a reasonable medical probability*. In fact, stating the conduct at issue met the standard of care to a reasonable medical probability would be a lower degree of certainty than the complete certainty expressed by the experts in this case. It was sufficient to state that the conduct at issue met the standard of care, as the expert declarations in this case stated. Smith has not raised any other issue challenging the evidence supporting the motions for summary judgment.

Smith also contends the motions for summary judgment should have been denied because the moving parties' separate statements of undisputed facts did not state facts. This is simply incorrect. All of the separate statements of undisputed facts contained details about Smith's treatment and referred to the opinions contained in the expert declarations. Smith has not shown any defect in the motions for summary judgment.

## C.    Res Ipsa Loquitor

Smith contends there is a triable issue of fact because it is within the common knowledge of a lay person that a doctor, upon learning a patient has one kidney, should engage and consult with a kidney specialist to ensure the patient is not prescribed contraindicated medications.  We disagree.

" ' "The standard of care against which the acts of a physician are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony [citations], unless the conduct required by the particular circumstances is within the common knowledge of the layman."  [Citations.]' [Citations.]  The 'common knowledge' exception is principally limited to situations in which the plaintiff can invoke the doctrine of res ipsa loquitur, i.e., when a layperson 'is able to say as a matter of common knowledge and observation that the consequences of professional treatment were not such as ordinarily would have followed if due care had been exercised.' [Citations.]  The classic example, of course, is the X-ray revealing a scalpel left in the patient's body following surgery.  [Citation.] Otherwise, ' "expert evidence is conclusive and cannot be disregarded.  [Citations.]" ' [Citations.]" (*Flowers v. Torrance Memorial Hospital Medical Center* (1994) 8 Cal.4th 992, 1001, fn. omitted.)

We do not believe it is well known that a person with only one kidney may be susceptible to increased risk of renal dysfunction and failure, and it is certainly not common knowledge that the harm Smith experienced would occur only if

someone was negligent.  To demonstrate a triable issue of fact, Smith was required to submit an expert declaration and a separate responsive statement in opposition to the motions for summary judgment.  The trial court properly granted the unopposed motions for summary judgment.

## DISPOSITION

The September 13, 2023 judgments are affirmed. Respondents Christos Kalatzis, M.D., and Ronald Lang, M.D., are awarded their costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


HOFFSTADT, P. J.


KIM (D.), J.